2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wilbert JOHNSON, Plaintiff-Appellant,
v.
Dan SLUDER, Captain of Security; Karl Berrett, Lt. of
Security; Richard Martinez, A.A.H.B. Hearing Officer (each
in Individual Capacity), employees of Department of
Corrections at Fremont Correctional Facility; Mark E.
McKinna, Defendants-Appellees.
 No. 93-1027.
 United States Court of Appeals, Tenth Circuit.
 Aug. 10, 1993.
 
 Before McKAY, Chief Judge, SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Wilbert Johnson, an inmate at the Limon Correctional Facility, filed a pro se civil rights complaint against Appellees. Appellant claimed that the Appellees violated his constitutional rights by subjecting him to a random urinalysis drug test, that the EMIT urine test was unreliable, that he was denied due process at his disciplinary hearing, and that his Eighth Amendment rights were violated because he was placed in punitive segregation after failing the test. Appellees filed a Motion to Dismiss Plaintiff's Complaint or for Summary Judgment, and ten days later Appellant filed Objections to Motion to Dismiss and Objections for Summary Judgment and Plaintiff Request for Summary Judgments Based Upon the Averments in his Pleadings ("Objections"). Accepting the recommendation by the magistrate judge assigned to the case, the United States District Court for the District of Colorado granted summary judgment in favor of Defendants.
 
 
 3
 On appeal, Appellant argues that he was denied due process and equal protection because certain motions were not ruled upon prior to the district court's decision. The motions at issue are Appellant's (1) Objections, (2) Notice and Affidavit of No Response, and (3) Motion for Expert Witness. While we recognize that we are obligated to broadly construe the pleadings of pro se litigants, we cannot find that Appellant has challenged the accuracy of the district court's factual findings nor its ultimate decision on the merits and therefore we do not address these issues.
 
 
 4
 Turning our attention to the issues actually raised on appeal, we first address Appellant's assertion that his Objections to Defendant's motion for summary judgment were not ruled upon by the district court. In its Order granting summary judgment, the district court stated that "Plaintiff's objection raises no issues that are not adequately addressed by the recommendation" of the magistrate and thereafter specifically overruled the Objections. Consequently, Appellant's allegation concerning his Objections is meritless.
 
 
 5
 Appellant's Notice and Affidavit of No Response ("Notice") was in essence a motion to compel Defendants to respond to his discovery request for admissions. He seems to argue that summary judgment was prematurely granted in violation of his due process rights because there was no final disposition of the Notice. However, "[t]here is no requirement in Rule 56, Fed.R.Civ.P., that summary judgment not be entered until discovery is complete." Weir v. Anaconda Co., 773 F.2d 1073, 1081 (10th Cir.). The district court has broad discretion regarding discovery, and we will find an abuse of that discretion only when the denial of discovery has precluded a fair trial. Green v. Johnson, 977 F.2d 1383 (10th Cir.). Appellant has alerted this court to no facts in the possession of Defendants, and we can find none, that if admitted would have altered the outcome of this litigation, therefore, Appellant was not denied fair litigation due to the district court's failure to compel Defendants to respond to his requests for admission. See Jarvis v. Nobel/Sysco Food Services Co., 985 F.2d 1419 (10th Cir.).
 
 
 6
 Lastly, Appellant claims that the district court erred by failing to render a decision on his Motion for Expert Witness. Apparently, Appellant was attempting to have the district court procure the services of an expert witness to assist him in challenging the reliability of the EMIT urine test. There is simply no provision in the Federal Rules of Civil Procedure contemplating this type of motion. Even if this motion could be construed as a legitimate attempt to conduct discovery, the district court did not abuse its discretion by not ruling on the motion for the same reasons as set forth in the previous paragraph.
 
 
 7
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3